24786.  SQUIRE, administrator, *v.* VAZQUEZ.

Decided December 9, 1935.

*Abram Levy, George Hains,* for plaintiff in error.
*W. H. H. Jones, T. Felton Bowden, Jose Sabater,* contra.

JENKINS, P. J.  The administrator of the estate of Genaro Vazquez, who had formerly lived in Porto Rico and who died in Augusta, Georgia, published a notice of the intended escheat of the decedent's estate consisting of personal property.  This case involves a claim, filed in the court of ordinary by Maria Felipa Vazquez, which was transmitted to the superior court, and which on its face shows that she is the sister of the whole blood of the deceased, that there is no other surviving sister and no surviving brother of the deceased, and that, as the sole surviving heir, she is entitled to the entire estate.  It appears from the records in two companion cases pending in this court (Nos. 24785 and 24787) that two other claims had been filed by half-sisters and half-brothers of the deceased, and that demurrers were filed as to each of such claims as well as the claim in the instant case.  Each demurrer seems to have been independently determined without any reference to the other claims or their relative merits and priorities.  In the instant case the demurrer of the administrator is based on the ground that the claim shows no cause of action, and that "the claimant claims said estate by reason of being a sister of the deceased and the daughter of Wenceslo Vazquez and Maria Ysabel Vazquez, when in fact the deceased was the son of Julio Vazquez, sometimes known as Auro Vazquez and Juana Ortiz, and that the said father and mother of the deceased were never married."  Nothing appears in the claim on which to base this contention in the demurrer.

.The claim interposed against this proceeding for escheat of an estate showing on its face that the claimant is the sister of the whole blood of the deceased, that there is no other surviving sis-

ter and no surviving brother of the deceased, and that as the sole surviving heir she is entitled to the entire estate, the court did not err in overruling the administrator's demurrer. The demurrer and brief of counsel present contentions as to the illegitimacy of the deceased, with resulting questions of domicile and inheritance, which, while involved under the records in the companion cases, in no wise here appear, and render the pleading in this respect a speaking demurrer.

This case is determined without reference to the relative merits and priorities of the claims in the associated cases, the demurrers and claims in which appear to have been decided independently without reference to each other or to this case.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*